IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS REALTY GROUP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CASE NO. 2:09-CV-784-WKW[WO] ) |
| THE CITY OF MONTGOMERY, | ) ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant City of Montgomery's ("City") motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 8.) The matter has been fully briefed. (Docs. # 11-13.) For the reasons to follow, the court finds that the motion to dismiss is due to be denied.

**I. JURISDICTION AND VENUE**

Jurisdiction is exercised pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and the court finds allegations sufficient to support both.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to

the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (internal quotation marks omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff" (internal citation and quotation marks omitted)). To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). If there is "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there is a "plausible" ground for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal quotation marks omitted).

In addition to considering the properly pleaded allegations of the complaint, the court can consider "documents incorporated into the complaint by reference . . . ." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In other words, "where the plaintiff refers to certain documents in the complaint and those documents are central to the

plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal[.]" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (*per curiam*).  And "the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Id.*

### III.  FACTS

The following are the facts viewed in the light most favorable to Citigroup.  On or about February 7, 2007, the City Inspections Department determined that there were a number of municipal code violations on the property located at 7 West Delano Avenue, Montgomery, Alabama ("Property") and issued a citation to the property owner.[1]  A portion of the Property was subsequently condemned and demolished by the City between August 21 and September 12, 2007.

On October 5, 2007, Velocity Commercial Capital, LLC ("Velocity"), as mortgagee on the Property under a mortgage dated October 26, 2006, assigned its interest in the mortgage to Plaintiff Citigroup Global Markets Realty Corp. ("Citigroup").

On August 19, 2009, Citigroup commenced the instant action, claiming that the City failed to properly notify Velocity of the condemnation and demolition of the Property and that, as a result, Citigroup was injured.  In its amended complaint (Doc. # 4), which is the operative complaint, Citigroup brings claims against the City for negligence, trespass,

---

[1] The "multi-family zoned" Property encompassed "34 buildings containing 4 units each for a total of 136 units."  (Doc. # 4 ¶ 1.)

3

unreasonable seizure under the Fourth and Fourteenth Amendments, and inverse condemnation. (Doc. # 4, at 4-7.) The City responded by filing the present motion to dismiss. (Doc. # 8.)

## IV. DISCUSSION

The City moves for dismissal of the amended complaint, pursuant to Rule 12(b)(6), for "failure to state a claim upon which relief may be granted."[2] (Doc. # 8, at 5; *see also* Doc. # 8, at 1.) As support for its motion, the City relies upon *Roberts v. Northern Pacific Railroad Co.*, 158 U.S. 1 (1895), to argue that an owner's claim for damages caused to land is a personal claim that does not "run with the land" to a subsequent purchaser unless that claim is "expressly conveyed."[3] (Doc. # 8, at 3 & 4.) The City points out that, as the facts are framed in the amended complaint, Citigroup did not own the mortgage on the Property at the time of its demolition. (Doc. # 8, at 4; *see also* Doc. # 4 ¶ 1.) Furthermore, the City argues that, although the amended complaint alleges that Velocity "did in fact convey its

---

[2] The City makes a cursory statement that its Rule 12(b)(6) motion to dismiss is grounded upon Citigroup's lack of standing (Doc. # 8, at 3), which typically would invoke Rule 12(b)(1), not Rule 12(b)(6). *See DiMaio v. Democratic Nat'l Comm.* 520 F.3d 1299, 1302 (11th Cir. 2008) ("[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." (internal quotation marks omitted)). On this record, the City's motion does not directly challenge the court's power to rule, but instead whether Citigroup has stated a claim that entitles it to relief. Review of the City's motion, therefore, appears more appropriate under Rule 12(b)(6)'s standard, and Citigroup has not argued otherwise. With that said, however, review of the motion under Rule 12(b)(1) would require the same result.

[3] In *Roberts*, a quiet title action, the Court explained that when a railroad company constructs its railway on the land of another with that owner's knowledge, the owner and any subsequent purchaser will be estopped from maintaining an action for trespass or ejectment for the entry. *Id.* at 11-12. The owner will "be restricted to a suit for damages." *Id.* at 11. The suit for damages, however, "belong[s] to the owner at the time of the taking, and do[es] not pass to a grantee of the land under a deed made subsequent to that time, unless expressly conveyed therein." *Id.*

4

interest in said mortgage to Citigroup," the amended complaint "is devoid of any set of facts that expressly grants Citigroup a 'right to damages' on the Property." (Doc. # 8, at 4.) Analogizing this case to *Roberts*, the City argues that, absent an express conveyance, any claim for damages belongs solely to Velocity and "did not pass" to Citigroup when it was assigned the mortgage. (Doc. # 8, at 4.) Thus, according to the City, Citigroup's claims are due to be dismissed for failure to state a claim. On the other hand, Citigroup contends that, assuming the applicability of *Roberts*' precepts to the instant case, *Roberts* does not support dismissal of the complaint because "the right to relief sought by [Citigroup] . . . was expressly conveyed to it by legal instrument, to-wit: the mortgage and assignment referenced in the Complaint." (Doc. # 11, at 2.) Making the same assumption as to the applicability of *Roberts*, the court agrees with Citigroup.

Citigroup's amended complaint references both the mortgage in the name of Velocity and the mortgage's assignment to Citigroup. (Doc. # 4.) Because these two documents are central to Citigroup's claims, the court finds that it may consider the documents for Rule 12(b)(6) purposes without converting the motion into one for summary judgment. *See Brooks*, 116 F.3d at 1369. Broadly construing the pleadings, including the mortgage and its assignment, and viewing the allegations in the light most favorable to Citigroup, the court finds that there was an express conveyance, as required by *Roberts*.

5

The mortgage defines "Lender" as "the entity identified as 'Lender' in the first paragraph of this instrument, *or any subsequent holder of the Note*."[4] (Doc. # 11, Ex. 1 § 1(v) (emphasis added).) The mortgage also provides that "the rights granted by this instrument shall inure to, the respective successors and assigns of Lender . . . ." (Doc. # 11, Ex. 1 § 34.) Velocity is the Lender named in the mortgage, and Citigroup is the subsequent holder of the mortgage. Pursuant to the mortgage's terms, Citigroup stepped into Velocity's shoes as the Lender when it was assigned the mortgage on October 5, 2007, and obtained the same rights previously held by Velocity. As to the rights received by Citigroup, the mortgage provides that "if any action or proceeding is commenced which purports to affect the Mortgaged Property, Lender's security or Lender's rights under this instrument, including . . . code enforcement," the Lender may "take such actions as Lender reasonably deems necessary . . . to protect Lender's interest." (Doc. # 11, Ex. 1 § 12(a).) Based upon the plain language of these governing documents, Velocity's right of action allegedly arising from the City's demolition of certain housing units on the Property passed to Citigroup on October 5, 2007, upon the assignment of the mortgage. The City's argument that the amended complaint fails to state a claim upon which relief can be granted, therefore, lacks merit.[5]

---

[4] "Note" is defined as "the Promissory Note described on page 1 of [the mortgage], including all schedules, riders, allonges and addenda, as such Promissory Note may be amended from time to time." (Doc. # 11, Ex. 1 § 1(z).) The assignment assigned to Citigroup "all of Assignor's right, title and beneficial interest in and to that certain Deed of Trust describing land therein . . . TOGETHER with the note therein described." (Doc. # 11, Ex. 2.)

[5] The foregoing discussion disposes of the arguments raised in the City's opening brief. It is inappropriate to raise a new argument in a reply brief, as the City has done, but, in any event, that argument has no merit.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the City's Motion to Dismiss (Doc. # 8) is DENIED.

DONE this 19th day of November, 2009.

                         /s/   W.  Keith Watkins
                         UNITED STATES DISTRICT JUDGE